**REMAND/JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-374-GW(SHKx) | Date | April 26, 2018 |
|---|---|---|---|

| Title | *Jasmin Maggiulli v. Wells Fargo and Company, et al.* |
|---|---|

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jason T. Hatcher | Ruben D. Escalante |

**PROCEEDINGS:  PLAINTIFF'S MOTION TO REMAND THIS ACTION TO STATE COURT [9]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would grant the Motion and remand this matter to the Superior Court of California, County of San Bernardino, forthwith.

:  13

Initials of Preparer  JG

<u>*Jasmin Maggiulli v. Wells Fargo & Co., et al.*</u>; Case No. 5:18-cv-00374-GW-(SHKx)
Tentative Ruling on Motion to Remand

**I. Background**

Plaintiff Jasmin Maggiulli brings this lawsuit asserting 14 causes of action under California law against Defendants Wells Fargo & Company ("WFC"), Wells Fargo Bank, N.A. ("WFB"), B10 Wells Fargo Bank, N.A. ("B10 WFB"), and Doe defendants. *See generally* Complaint, Docket No. 1-1. Plaintiff initiated the lawsuit in the Superior Court of California, County of San Bernardino. *See id.* On February 22, 2018, WFB removed to this Court, invoking its diversity jurisdiction. *See generally* Notice of Removal ("NOR"), Docket No. 1. Plaintiff now moves to remand the matter back to the Superior Court. *See generally* Motion to Remand ("Motion"), Docket No. 9-1. WFB opposes. *See generally* Opposition to Motion ("Opp'n"), Docket No. 11.

Plaintiff alleges: she worked for Defendants as a Mortgage Consultant from on or about January 13, 2015, until she was terminated on or about September 20, 2017. *See* Complaint ¶ 10. She had informed Defendants that she was pregnant in May 2017. *See id.* ¶ 11. Plaintiff's supervisor "took issue" with Plaintiff's pregnancy and limited her access to "leads." *Id.* ¶¶ 15-16. On or about August 10, 2017, Plaintiff's manager issued Plaintiff an informal warning stemming from alleged misconduct that occurred ten months prior. *Id.* ¶ 17. On or about September 20, 2017, Plaintiff was terminated without justification while eight months pregnant. *Id.* ¶¶ 18-19.

Plaintiff is a citizen of California. *See* NOR ¶ 6; *see also* Motion at 3. WFB is a national banking association and, accordingly, is a citizen of the state where its main office is located - South Dakota. *See* NOR ¶ 7; *see also Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (WFB "is a citizen only of South Dakota, where its main office is located . . . ."). WFC is a citizen a California. *See* Motion at 3-4; *see also* Opp'n at 12 (Plaintiff included WFC "as a defendant . . . solely as a vehicle to bring a California resident into this action to destroy diversity.").[1] In removing this case, WFB stated that WFC is a sham defendant and its

---

[1] WFB asserts that B10 WFB "is not a legal entity and did not employ Plaintiff. 'B10' is simply a number within Wells Fargo's human resources system that is used to identify the payroll company." NOR ¶ 11. Because B10 WFB is not a legal entity, WFB argues that it may be disregarded by the Court. *See id.* ¶¶ 9-12. In her Motion,

1

citizenship "should be disregarded." NOR ¶ 9.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," and have subject matter jurisdiction only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799)); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)).

28 U.S.C. § 1441 permits a defendant to remove certain civil actions brought in a state court to federal district courts. The removal statute is strictly construed against removal jurisdiction, however, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Generally, [a] defendant has the right to invoke federal removal jurisdiction if the case *could* have been filed originally in federal court (*i.e.* on diversity or federal question grounds)." O'Connell & Stevenson, *Rutter Group Prac. Guide: Federal Civ. Proc. Before Trial* ("*Federal Practice Guide*") § 2:2192 at 2D-4 (2017) (emphasis in original); *see also Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977). Federal district courts have original jurisdiction in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1331(a)(1).

## III. Analysis

### A. Plaintiff's Request for Judicial Notice

As a threshold matter, the Court must address a number of evidentiary objections lodged by WFB to evidence submitted by Plaintiff in support of her Motion. Plaintiff submitted seven documentary exhibits via the declaration of Jason Hatcher, Plaintiff's counsel. *See generally* Hatcher Decl., Docket No. 9-2. Specifically, Plaintiff submits an excerpted copy of a document titled "Resolution Plan Public Summary," dated July 1, 2015 and bearing the names of both WFC and WFB (Exhibit A); a Statement of Information (Form SA-350), dated March 15, 2017

---

Plaintiff does not address B10 and the Court takes her silence as assent to WFB's argument that the Court may ignore B10 WFB in its analysis here.

2

submitted by WFC to the California Secretary of State (Exhibit B); an excerpted copy of a document titled "Independent Directors of the Board of [WFC]: Sale Practices Investigation Report," dated April 10, 2017 (Exhibit C); a press release issued by WFC on April 10, 2017 regarding Exhibit C (Exhibit D); a Termination Review Request dated September 20, 2017, produced from Plaintiff's records (Exhibit E); a termination letter dated October 4, 2017, produced from Plaintiff's records (Exhibit F); and an offer letter issued to Plaintiff dated December 23, 2014, produced from Plaintiff's records (Exhibit G). *See id.* WFB objects to the Court's consideration of Exhibits A-D on the bases that those documents are not properly authenticated, Plaintiff failed to lay a proper foundation, and that the documents contain inadmissible hearsay. *See generally* WFC's Evidentiary Objections, Docket No. 12. Plaintiff responds, arguing that WFB's objections are without merit and, in the alternative, asks the Court to take judicial notice of the documents. *See generally* Plaintiff's Response to WFB's Evidentiary Objections, Docket No. 15; *see also* Plaintiff's Request for Judicial Notice, Docket No. 14.

Exhibit A is available on the Federal Deposit Insurance Corporation's website at https://www.fdic.gov/regulations/reform/resplans/plans/wellsfargo-idi-1507.pdf (last visited: April 19, 2018). Setting aside WFB's evidentiary objections, the Court would find that it is a matter of public record and will consider it for the purposes of Plaintiff's Motion pursuant to Federal Rule of Evidence 201. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also Campos v. Wells Fargo Bank, N.A.*, Case No. 15-cv-1200 JVS, 2015 WL 5145520, at *1-2 (WFB successfully argued there for the court to take judicial notice of documents available on the FDIC's website). The Court would similarly find that Exhibit B, a document submitted to the California Secretary of State, is a matter of public record and the Court would consider it as well. *See Lee*, 250 F.3d at 689. Finally, Exhibits C and D are available from the Wells Fargo website at https://www.wellsfargo.com/assets/pdf/about/investor-relations/presentations/2017/board-report.pdf and https://newsroom.wf.com/press-release/community-banking-and-small-business/wells-fargo-board-releases-findings-independent, respectively (both last visited: April 19, 2018). The Court would find that the existence of those documents − published on Defendants' public website − can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned and the Court would take judicial notice of them. *See* Federal Rule of Evidence 201(b)(2); *see also Waterman v.*

*Wells Fargo & Co.*, Case No. 17-cv-7190-MWF, 2018 WL 287171, at *2-3 (taking judicial notice of the same April 10, 2017 report at issue here); *Vitt v. Apple Computer Inc.*, Case No. 06-cv-7152-GHK, 2007 WL 9662403, at *2 (taking judicial notice of statements appearing on defendant's website). In sum, WFB's evidentiary objections are overruled in their entirety and the Court would consider the documents submitted by Plaintiff in support of her Motion.

    B.  <u>Has WFC Been Fraudulently Joined?</u>

WFB's removal of Plaintiff's case is predicated on a finding that WFC has been fraudulently joined. *See* NOR ¶ 9. If WFC has been fraudulently joined, the Court may hear this case pursuant to its diversity jurisdiction, notwithstanding the fact that Plaintiff and WFC are not diverse. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"). "Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* Accordingly, a removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). In considering competing offers of proof, a court must be mindful of the "strong presumption against removal jurisdiction" and thus resolve all ambiguity in favor of remand to state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

WFB argues that WFC is "merely the parent company of" WFB and that under California law parent corporations are not liable for the employment decisions of their subsidiaries. Opp'n at 1. While "[a]n employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law," the employee may meet that burden by establishing that the parent corporation and the subsidiary constitute an "integrated enterprise." *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998). "Under the 'integrated enterprise' test, courts consider the factors of (1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control, to determine whether separate corporate entities should be deemed a single employer." *Blazek v. Adesa California, LLC*, No. 09-cv-1509 BTM, 2009 WL

4

2905972, at *2 (S.D. Cal. Sept. 8, 2009) (citing *Laird*, 68 Cal. App. 4th at 737) (rejecting defendants' fraudulent joinder arguments and remanding employment discrimination action to state court). Centralized control of labor relations is often deemed the most important factor, and the "critical question is, what entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Laird*, 68 Cal. App. 4th at 738.

WFB introduces Plaintiff's Federal Forms W-2 (Wage and Tax Statement) and WFB Wage Statements which list WFB as Plaintiff's employer. *See* Declaration of Melissa Pritchard, Exhibits 1-2, Docket No. 11-1 at 10-87 of 87. These documents, WFB contends, are "irrefutable evidence" that WFB − and not WFC − was Plaintiff's employer. *See* Motion at 6-7. California Government Code § 12928 creates a "rebuttable presumption" that "any person or entity identified as the employer on the employee's Federal Form W-2 (Wage and Tax Statement)" is the employee's employer. Far from irrefutable, the documents submitted by WFB would merely create a presumption under California law that Plaintiff may rebut to demonstrate that WFC was, in fact, her employer. *See id.* While that may well prove a heavy burden, the Court cannot state at this time − before discovery has commenced in this lawsuit − that Plaintiff's Federal Forms W-2 somehow demonstrate that WFC cannot be liable under the integrated enterprise theory. *See Ritchey*, 139 F.3d at 1318; *see also Waterman*, 2018 WL 287171 at *7 ("[C]ourts routinely grant motions to remand notwithstanding defendants' arguments that a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or that the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant.").

In addition to arguing the "irrefutable" nature of its evidence, WFB argues that Plaintiff "does not provide any compelling evidence to support her contention that [WFC] was her joint employer or that [WFC] and [WFB] are an integrated enterprise." Opp'n at 8. Turning first to the documentary evidence from Plaintiff's files and that WFB does not object to the Court's consideration of, WFB states that "Plaintiff's offer letter does not say that [WFC] is her employer; it merely references a [WFC] benefit package." *Id.* at 8-9; *see also* Hatcher Decl., Exhibit G. Critically for this Motion, however, the offer letter does not state that WFC *is not* Plaintiff's employer − the very thing that WFB as the removing party is obligated to show. *See Ritchey*, 139 F.3d at 1318; *see also Hunter*, 582 F.3d at 1042 (ambiguity is resolved in favor of remand). The same is true of Exhibits E and F of the Hatcher Decl. − those documents may not

5

be dispositive proof that WFC was Plaintiff's employer, but they certainly don't prove that it wasn't. Moreover, Exhibits A to D of the Hatcher Decl. show, as WFB concedes, that "(1) [WFB] and [WFC] share some of the same corporate officers; (2) there are centralized risk and human resources functions under [WFC]; and (3) the Internal Investigations group now operates independently from [WFB's] retail bank." Opp'n at 9. WFB admits that WFC's Human Resources department has a "consultative function" with WFB, but urges the Court to nonetheless find that WFC cannot under any scenario be liable because "Plaintiff provides no evidence that employees in Human Resources actually make decisions regarding individuals' employment or have the power to do so." *Id.* Again, it is WFB's burden to show that as a legal matter Plaintiff could never produce such evidence, a burden WFB has failed to carry.

Finally, the Court will note that the cases WFB cites for the proposition that it "has successfully removed several cases brought by Home Mortgage Consultants like Plaintiff on the grounds of diversity jurisdiction" do not, in fact, support that proposition. *See* Opp'n at 6. *Barreras v. Wells Fargo & Co.*, Case No. 2:17-cv-04344-PA (C.D. Cal.) is before the Honorable Percy Anderson on the basis of Class Action Fairness Act jurisdiction, which requires only minimal diversity. *See* Notice of Removal, *Ibarra* Docket No. 1, at 1 ("This Court has original subject matter jurisdiction over Plaintiff's lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C §§ 1332(d)(2) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million."). In *Nguyen v. Wells Fargo Bank, N.A.*, Case No. 3:15-cv-5239-JCS (N.D. Cal.), WFC was never a defendant and WFB removed on the basis of Class Action Fairness Act jurisdiction. *See* Notice of Removal, *Nguyen* Docket No. 1, at 1 ("This Court has original subject matter jurisdiction over Plaintiff's lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C §§ 1332(d)(2) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million."). Finally, the plaintiff in *Kang v. Wells Fargo Bank, N.A.*, Case No. 5:17-cv-6220-BLF (N.D. Cal.) filed directly in federal court, did not sue WFC, and asserted jurisdiction on the basis of the Class Action Fairness Act. *See* Complaint, *Kang* Docket No. 1, ¶ 7. These cases do not suggest that federal courts in this state routinely permit removal in analogous circumstances as those present before this Court.

To the contrary, the Court would find that courts in this judicial district remand when presented with claims similar to Plaintiff's. *See, e.g.*, *Waterman*, 2018 WL 287171 at *7. There, the Honorable Michael Fitzgerald explained to counsel from the same law firm that represents

6

WFB here that "Defendants seem to misunderstand the burden they face in establishing fraudulent joinder and the nature of the Court's present inquiry. The present pre-discovery evidentiary record does not mean all that much, as the question is not whether Plaintiff has already proven that WFB and WFC are an integrated enterprise, but whether it is possible for Plaintiff to state a claim against WFC under that theory." *Id.* The Honorable Beverly O'Connell found the same in *Gebran v. Wells Fargo Bank, N.A.*, Case No. 16-cv-7616-BRO, 2016 WL 7471292, at *7 (C.D. Cal. Dec. 28, 2016) ("[U]nder settled California law, it is not obvious that Plaintiff cannot possibly state a claim against WFC on a joint employer theory.").

## IV. Conclusion

Based on the foregoing discussion, the Court would grant the Motion and remand this matter to the Superior Court of California, County of San Bernardino, forthwith.